UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>  Plaintiff,<br><br>v.<br><br>NICK RODRIGUEZ, et al.,<br>  Defendants. | No. 3:21-cv-984 (SRU) |

**INITIAL REVIEW ORDER OF AMENDED COMPLAINT**

Jose A. Jusino ("Jusino"), currently incarcerated at MacDougall-Walker Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 against Administrators Nick Rodriguez and Kristine Barone; and Correctional Employees S. Tucker and Damian Doran. For the reasons set forth below, the complaint is **dismissed**.

**I.   Factual Allegations**

Jusino is a state prisoner in the custody of the Connecticut Department of Correction ("DOC"). Am. Compl. at ¶ 8.  He is currently participating in the United States District Court Electronic Filing Program to monitor his multiple pending civil rights actions. *Id.* at ¶ 9. Since March 2020, Jusino has had difficulty receiving the electronic filing notices generated when action is taken in one of those pending cases. *Id.* at ¶ 10. Pursuant to Administrative Directive 10.7 and the MacDougall-Walker Inmate Handbook, "Privileged Correspondence" includes correspondence to and from state or federal court. *Id.* at ¶ 11. Correctional Employee Tucker has deliberately or recklessly failed to provide Jusino with electronic filing notices from federal court, interfering with his right to court access and free speech in violation of the First and Fourteenth Amendments of the United States Constitution. *Id.* at ¶ 13. Defendants Rodriguez, Barone, and Doran, despite being informed of the violation, have failed to remedy the wrong. *Id.* at ¶ 14. Although Jusino has written multiple inmate requests attempting to notify the appropriate

parties and resolve the issue, he continues to be denied access to electronic filing notices in his pending cases. *Id.* at ¶ 10.

## II. Standard of Review

Under section 1915A of Title 28 of the United States Code, a district court must review an incarcerated individual's complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from that relief. 28 U.S.C. § 1915A. Although detailed allegations are not required in order to survive initial review, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## III. Discussion

In the Amended Complaint, Jusino appears to contend that the defendants have interfered with his right of access to courts in violation of provisions of the First and Fourteenth Amendments of the United States Constitution. He seeks injunctive relief in the form of a court order directing the defendants to provide him with all electronic filing notices generated in his pending cases, as well as monetary damages.

As an initial matter, Jusino indicates that the defendants are sued in both their individual and official capacities. To the extent that Jusino seeks monetary damages from defendants sued in their official capacities for violations of his federal constitutional rights, however, any such claims are barred by the Eleventh Amendment and must therefore be dismissed. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

Under a recognized exception to that bar against official capacity suits, a plaintiff may seek prospective injunctive relief from state officials sued in their official capacities for ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). To determine whether a plaintiff's claims properly fall within the scope of the exception carved out by *Ex Parte Young*, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (cleaned up). In the case at bar, Jusino's claims appear to fall within the scope of that exception—he alleges that he continues to be denied access to electronic filing notices generated in his pending cases in violation of the First and Fourteenth Amendments, and requests an order directing the defendants to provide him with those notices. Accordingly, Jusino's claims for prospective injunctive relief raised against the defendants in their official capacities may proceed. Moreover, Jusino may seek monetary damages from defendants sued in their individual capacities, as any such claims are not barred by the Eleventh Amendment. *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) (citing *Graham*, 473 U.S. at 166-67).

Turning next to the merits of Jusino's claims, Jusino contends that the defendants' failure to ensure that he receives electronic filing notices generated his pending civil cases has interfered with his right of access to courts.[1] The right of access to courts is grounded in various provisions of the Constitution, including, as Jusino notes, the First and Fourteenth Amendments. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that the right of access to Courts is secured by "the Article IV Privileges and Immunities Clause . . . the First Amendment Petition Clause . . . the Fifth Amendment Due Process Clause . . . and the Fourteenth Amendment Equal Protection . . . and Due Process Clauses.") (cleaned up) (collecting cases). States have an affirmative obligation to ensure that individuals incarcerated within their borders have "meaningful access to courts," or "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 824, 825 (1977), *modified on other grounds, Lewis v. Casey*, 518 U.S. 343, 350 (1996). To meet that constitutional obligation, prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

Conclusory allegations of denial of access to courts are insufficient, however, to set forth a cognizable claim. Instead, a plaintiff must plausibly allege that he or she suffered an actual injury in the sense that a "'nonfrivolous' legal challenge to his [or her] judgment of conviction or conditions of confinement 'ha[s] been frustrated or… impeded' by the actions of prison officials." *Rosado v. Maxymillian*, 2022 U.S. App. LEXIS 387, at *3 (2d Cir. Jan. 6, 2022) (summary order) (quoting *Lewis*, 518 U.S. at 351-53, 355); *see also Harbury*, 536 U.S. at 414–15 ("Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity

---

[1] Although Jusino makes brief reference to his right to free speech, it appears from the factual allegations set forth in the complaint that Jusino's claim is best construed as one for denial of access to courts.

already lost…[a] plaintiff must identify a nonfrivolous, arguable underlying claim.") (cleaned up); *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001) ("[T]o establish a claim of inadequate access to the courts under *Bounds*, an inmate must show that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim - for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality.") (cleaned up). Although there are a variety of ways of demonstrating injury, a plaintiff must make at least some showing that the defendant "took or was responsible for actions that hindered…efforts to pursue a legal claim" in order to prevail. *Monsky v. Moraghan*, 1997 U.S. App. LEXIS 36158, at *12 (2d Cir. Oct. 2, 1997) (cleaned up).

Here, Jusino alleges only that the defendants have failed to provide him with electronic filing notices generated in one of his active civil matters. He sets forth no additional facts, however, from which I can conclude that the failure to provide him with those notices interfered with his pursuit of a non-frivolous claim or an opportunity to communicate with the Court or the named defendants in his civil cases. Accordingly, he has failed to state a cognizable claim for denial of access to courts, and the claim is dismissed without prejudice. In the event that Jusino can set forth additional facts to demonstrate that he has suffered actual injury as a result of the defendants' alleged failure to provide him with electronic filing notices, he may amend the complaint to include those facts.

**IV.     Conclusion**

For the foregoing reasons, claims for money damages raised against the defendants in their official capacities are **dismissed with prejudice.** 28 U.S.C. § 1915A (b)(2). Jusino's other claims are **dismissed without prejudice**. Within **thirty (30) days**, Jusino may file an Amended Complaint curing the deficiencies identified in this order. Jusino is advised that any such

Amended Complaint will replace the current complaints on file. If Jusino chooses not to file an Amended Complaint within the time specified, the Clerk is directed to enter judgment for the defendants and close this case.

    So ordered.

Dated at Bridgeport, Connecticut, this 12th day of April 2022.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge
